## ARROW REFINING CO. et al. v. PYLE.
### No. 1646.

Court of Civil Appeals of Texas. Eastland.

March 12, 1937.

Florey & Wakeman, of Overton, for plaintiffs in error.

Smith & West, of Henderson, for defendant in error.

LESLIE, Chief Justice.

Barney Pyle instituted this suit against Arrow Refining Company and the State Pipe Line Corporation to recover the sum of $1,700 for oil alleged to belong to said plaintiff and to have been converted by said defendants. The defendants entered a general denial.

Trial was before the court without a jury, and judgment rendered for the plaintiff against the defendants for the sum of $1,400. The trial judge filed findings of fact and conclusions of law. These findings and conclusions are challenged by several assignments.

By assignments and propositions the defendants suggest the presence of fundamental error in the judgment on the ground that it has no basis in the pleadings. We sustain these propositions for the following reasons:

Omitting formal parts, the plaintiff's first-amended petition alleges, in the second paragraph, that "on the 2nd day of February, 1932, this plaintiff acquired from Spider Oil Company an assignment to one-fourth of seven-eighths of the first oil and/or gas produced from lots," naming them.

In the third paragraph of his petition he alleges that when said assignment was delivered to him the Spider Oil Company was in possession of said premises, with the knowledge and consent of Florey and Neal, the owners of the same. That "said Spider Oil Company was operating under a contract made with the said Florey and Neal, which contract is in the possession of the defendant State Pipe Line Corporation and the contents of which are unknown to this plaintiff and plaintiff hereby makes demand of said defendant State Pipe Line Corporation to produce said contract in court for his inspection."

In the fourth paragraph of said petition the plaintiff alleges that the assignment herein described was given him by the Spider Oil Company "in consideration of plaintiff's furnishing a derrick for the purpose of drilling a well for oil and gas upon said premises"; that he furnished the material and erected the derrick; that the same was used by the Spider Oil Company for the drilling of said well, "all of which was well known to the defendant State Pipe Line Corporation, *at the time it acquired the premises herein described* and that the State Pipe Line Corporation has received the full use and benefit of said derrick and the oil well drilled therewith * * * ." (Italics ours.)

The fifth paragraph of the pleadings is: "That the defendant Arrow Refining Company has taken and converted to its own use certain quantities of oil from the well located upon said premises, the exact amount of which is unknown to this plaintiff, but is well known to the defendants and each of them, and said defendant Arrow Refining Company is hereby given notice to produce in court all books, records and data which it has in its possession of the various quantities of oil produced and sold from said premises, the price paid and received therefor and for such other information as it may have in its possession relative to the production of oil from said premises."

Then follows a prayer for a joint judgment against the two defendants for the sum of $1,700, interest, etc.

It is apparent from the above pleading that if the Spider Oil Company assigned the plaintiff "one-fourth of seven-eighths of the first oil and/or gas produced" (under the terms of a lease) for the construction of a derrick, there is no allegation in the plaintiff's petition of the quantity of oil produced from the well, or how much oil "one-fourth of seven-eighths" thereof would be.

Further, there is no allegation that these two defendants, or either of them, assumed the obligations of the Spider Oil Company lease, together with the assignment to the plaintiff. There is a strong intimation, if not a direct allegation, in the plaintiff's petition that the defendants were operating the property under an entirely different lease from the Spider lease upon which plaintiff's assignment is based. For instance, the plaintiff alleges that "at the time it (State Pipe Line Corporation) acquired the premises herein described," it well knew the plaintiff had furnished the material and erected the derrick, etc., for the drilling of said well. If the plaintiff's assignment, or the lease from Florey and Neal to the Spider Oil Company, upon which the assignment was based, contained any terms which placed any duty upon the defendants, or either of them, to carry out the terms of his assignment, the pleadings do not set forth any such terms. If the Pipe Line Corporation's lease contained any provision obligating it to carry out the terms of said assignment, the pleadings do not so show.

The fifth paragraph of the plaintiff's petition sets forth that the Arrow Refining Company has taken and converted to its own use certain quantities of oil from the well located on said premises "the exact amount of which is unknown to this plaintiff, but is well known to the defendants," etc. The plaintiff seeks a joint recovery against these defendants, but there are no allegations in the petition that would fix liability upon the State Pipe Line Corporation for the conversion of oil charged against the Arrow Refining Company, and neither do the allegations present a cause of action against the pipe line corporation "for the use and benefit of said derrick." The pleading does not even allege that the oil converted by the refining company belonged to the plaintiff at the time of its conversion, or that he was entitled to same under and by virtue of the provisions of his assignment. Again, he alleges neither quantity converted, nor value thereof. He alleges no damages. It occurs to us that there are no such pleadings as would show liability against the Spider Oil Company, and certainly none as against these defendants. 3 Tex.Jur. p. 827, § 584.

We are also of the opinion that in material respects the findings of fact and conclusions of law went very much beyond the terms of the pleadings. However, since we have concluded that the plaintiff's petition was insufficient to state a cause of action, it is unnecessary to discuss in detail this last conclusion.

For the reasons assigned the judgment of the trial court is reversed and the cause remanded.